**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| YOLANDA D. KELLEY,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-17-0093-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: April 5, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Raymond E. Tillery, Jr., Esquire, Columbus, Georgia, for the appellant.

Anne M. Norfolk, Fort Benning, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her allegedly involuntary resignation.　Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      After the agency denied her request for reasonable accommodation, the appellant resigned from her GS-0665-12 Audiologist position effective October 4, 2016. Initial Appeal File (IAF), Tab 1 at 8-12. Thereafter, she filed an appeal in which she contended that her resignation was involuntary due to intolerable working conditions and a denial of reasonable accommodation for her disability. IAF, Tab 1. After issuing appropriate *Burgess* notice,[3] to which the appellant did not respond, the administrative judge issued an initial decision on the written record in which he found that the appellant failed to make a nonfrivolous allegation of involuntariness. IAF, Tabs 4-5. He therefore dismissed the appeal for lack of jurisdiction.

---

[3] An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an allegedly involuntary resignation or retirement only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985).

¶3    The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responds in opposition to the petition for review and the appellant replies to the agency's response. PFR File, Tabs 3-4.

¶4    The appellant did not respond to the administrative judge's jurisdictional order, and there is very little information in the record concerning the factual basis of her claim of involuntariness. Her appeal contained her resignation letter, which reads as follows:

> Please accept this letter as notification that I am resigning from my position . . . . I have been denied Equal Opportunity provisions due to my disability. I have been subjected to continuous harassment and a hostile work environment. Also, I have been forced to return to a stressful/hostile work environment. I have asked management for help and nothing has been done to assist me. Therefore, I have no other choice and must resign for personal reasons.

IAF, Tab 1 at 12. In addition, she stated in her appeal that the agency denied her request for reasonable accommodation and as a result she would have had to "return to a hostile work environment and a continuous pattern of harassment," so she was forced to resign. *Id.* at 4.

¶5    A decision to resign is presumed to be a voluntary act outside the Board's jurisdiction, and the appellant bears the burden of showing by preponderant evidence that her resignation was involuntary and therefore tantamount to a forced removal. *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 15 (2009) (citing *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329-30 (Fed. Cir. 2006)). Absent jurisdiction over the underlying action, the Board lacks jurisdiction to adjudicate allegations of discrimination. *Garcia*, 437 F.3d at 1342-43. However, it is appropriate to consider the appellant's discrimination allegations to the extent they bear on the question of involuntariness. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010). An appellant may show that her resignation was involuntary by demonstrating that the agency denied a request for reasonable accommodation. *Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶ 13 (2007). To

prevail in an intolerable working conditions claim, the appellant must prove that, under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign. *McCray v. Department of the Navy*, 80 M.S.P.R. 154, ¶ 8 (1998) (citing *Heining v. General Services Administration*, 68 M.S.P.R. 513, 520 (1995)). The question of voluntariness rests on whether the totality of the circumstances supports the conclusion that the appellant was effectively deprived of free choice in the matter; application of this test must be gauged by an objective standard rather than by the appellant's purely subjective evaluation. *McCray*, 80 M.S.P.R. 154, ¶ 8 (citing *Heining*, at 519-20).

¶6        According to the memorandum denying the appellant's request for reasonable accommodation, her position of record is a patient care position and requires contact with patients. IAF, Tab 1 at 8. The agency previously granted the appellant's request to be reassigned to a less stressful working environment on a temporary basis. *Id.* This time, the accommodation she requested was to "remain and continue to work in less stressful work environment as recommended by physician." *Id.* The agency denied her request because the Audiology Clinic's ability to serve its patients had declined, the agency needed the appellant to return to her regular position and perform patient care, and the appellant was under a Focused Professional Practice Evaluation (FPPE) that she was required to complete. *Id.*

¶7        As the administrative judge correctly found, the appellant did not describe the harassment she alleged to have suffered and she did not explain why she found her working conditions to be intolerable. IAF, Tab 5, Initial Decision at 5-6. She submitted no medical documentation concerning her alleged disability, only her physician's recommendation that she work in a less stressful environment. *Id.* She likewise submitted no information explaining why she could not perform her regular duties and why her request to continue in her temporary assignment was reasonable. *Id.* She did not claim that the agency

chose the date of her resignation or otherwise imposed the terms of her separation. *Id.* She does not claim that the agency provided any misinformation upon which she reasonably relied in making her decision. *Id.* As such, she offered nothing more than a bare allegation that her resignation was involuntary. We find that the administrative judge correctly found that the appellant failed to make a nonfrivolous allegation of jurisdiction.

¶8      For the first time on review, the appellant alleges that she was required to work under an FPPE and she implies that the FPPE constituted harassment and created intolerable working conditions. The appellant does not explain what an FPPE is, but it is our understanding that an FPPE is a means of examining whether a medical professional is competent.[4] According to the appellant, her FPPE meant that she was shadowed by another doctor in all patient-contact situations. PFR File, Tab 1 at 4. She contends that the agency "question[ed] her professional capabilities in the presence of patients," and that "every minute aspect of her patient care was scrutinize [sic] beyond reason." *Id.* She further averred that the agency also subjected her medical records and administrative functions to unreasonable scrutiny to the extent of previewing the emails she sent. *Id.* at 4-5. She alleges that a human resources official "continuously" asked her when she was leaving the agency and the agency issued a vacancy announcement to backfill her position. *Id.* at 5.

¶9      All of this is information that clearly was available to the appellant before the record closed below. The Board need not consider arguments and evidence submitted for the first time on review absent a showing of due diligence for the failure to submit them before the administrative judge. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *Banks v. Department of the Air Force*,

---

[4] *See, e.g.*, Department of the Navy, Bureau of Medicine and Surgery, BuMed Instruction 6010.30 (Mar. 27, 2015), https://www.med.navy.mil/Portals/62/Documents/BUMED/Directives/Instructions/6010.30.pdf?ver=1lYG_rz6OHX1kbgWzF6sow%3d%3d (last visited Apr. 5, 2023).

4 M.S.P.R. 268, 271 (1980). The appellant has not even attempted to explain why, despite her due diligence, she was prevented from submitting it in a timely response to the administrative judge's jurisdictional order. In addition, we note that the appellant was represented by counsel throughout the adjudication of her appeal. We find that the appellant's arguments and evidence presented for the first time on review are not based on evidence previously unavailable despite her due diligence and do not warrant disturbing the initial decision.

¶10 Even if the Board were to consider the appellant's new argument and evidence, they would not warrant reversing the initial decision. The agency's reasons for denying the appellant's accommodation request, that staffing concerns prevented it from continuing to allow her to avoid patient care, seem reasonable on their face. The appellant has offered nothing to rebut the agency's stated reasons for denying her request, and nothing to explain why her request was reasonable despite the agency's staffing problems. Thus, there is no basis to conclude that the appellant was forced to resign because the agency denied her request for reasonable accommodation.

¶11 As to the intolerable working conditions claim, the appellant has provided very little context for her claim aside from stating that "[t]he manner in which the FPPE was implemented was completely unreasonable in light of [the appellant's] medical condition and professional experience." PFR File, Tab 1 at 4. Even on review, however, she does not disclose her medical condition or explain how it affects her ability to perform her job duties, and her physicians say nothing more than that she should work in a less stressful assignment. *Id.* at 7-8. An employee is not guaranteed a working environment free of stress. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Id.* Considering the totality of the circumstances in this appeal, even if the Board accepted the appellant's allegations as true and excused her failure to present

them below, they would not constitute a nonfrivolous allegation of involuntariness entitling her to a jurisdictional hearing.

¶12    Accordingly, we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.